IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE WAYNE SHOUPE,<br><br>Petitioner,<br><br>vs.<br><br>COMMANDER SHERYL ZIEGLER,<br>CAPTAIN HASH,<br><br>Respondents. | Cause No. CV 25-173-M-DWM<br><br><br><br><br>ORDER |

Petitioner Jesse Wayne Shoupe ("Shoupe"), a pretrial detainee incarcerated at the Missoula County Detention Facility, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254, and a supplement in support. *See,* (Docs. 1 & 1-2.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

1

Shoupe indicates that he previously was convicted of misdemeanor disorderly conduct for which he had to complete treatment classes at AACS Counseling Services. *See e.g.*, (Doc. 1-1.) Shoupe is now being held on a $30,000 bond for felony assault with a weapon. (Doc. 1 at 1.) He contends the bail amount is excessive given that he has a limited criminal history and is not a flight risk. (*Id.*) Shoupe asks this Court to order his immediate release from the Missoula County Detention Center on his own recognizance and direct his state cases to be dismissed and settled out of court. (*Id.* at 3.)

As an initial matter, Shoupe is advised that this Court can only consider purported errors of federal law and does not sit in direct review of state matters. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, even if Shoupe believes the state district court erred in determining his bail amount, that claim involves the application of state law and is not a proper or cognizable ground for relief in a federal habeas corpus proceeding. *See, Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hendricks v. Zenon*, 993 F. 2d 664, 674 (9th Cir.

1993) (claim exclusively concerned with state law not cognizable in federal habeas). But that is not the only issue with Shoupe's filing.

Although Shoupe filed this action pursuant to 28 U.S.C. § 2254, he is a pretrial detainee attacking the validity of his custody status. Section 2254 applies to prisoners who are in custody pursuant to a state court conviction. *White v. Lambert*, 379 F. 3d 1002, 1009-10 (9th Cir. 2004). 28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (*quoting White*, 370 F. 3d at 1006). Section 2241 sets out the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity, however, require that this Court abstain and not entertain a pretrial habeas

3

challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Shoupe acknowledges that he has not yet been convicted or sentenced in Montana's Fourth Judicial District Court and that his state criminal proceedings are presently ongoing. There is no indication that Shoupe has presented his claim to the state district court or the Montana Supreme Court for consideration. Thus, to the extent that Shoupe could present a cognizable federal claim, such claim is presently unexhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Shoupe's dissatisfaction with the nature of his bond amount is not the type of unusual circumstances that might justify an exception to

4

*Younger* abstention. Shoupe may attempt to obtain the relief he seeks via his pending state court proceedings or on collateral review therefrom.

Shoupe has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. His petition will be dismissed without prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claim Shoupe attempts to present is unexhausted and does not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

5

## ORDER

1. Shoupe's Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 27th day of October, 2025.

_____
Donald W. Molloy, District Judge
United States District Court